PADDOCK-HAWLEY IRON COMPANY, Respondent, v.
AUGUSTUS PULLIS *et al.*, Appellants.

St. Louis Court of Appeals, November 11, 1890.

Practice, Appellate. When no question of law is presented on an
appeal, this court will not disturb a judgment at law, if there is
substantial evidence to support it.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Henry Boemler*, for appellants.

*W. B. Homer*, for respondent.

BIGGS, J.—The plaintiff sued the defendants for
the purchase price of a lot of iron. There was no con-
troversy about the fact of the sale, or the amount of
property sold. The matter in dispute had sole refer-
ence to the amount of the purchase money. On the
one hand the plaintiff contended that the iron had been
sold at the regular market price; while on the other
hand the defendants alleged a special contract for less
than the market price. The defendants tendered to the

plaintiff the amount which they claimed was owing, and the plaintiff refused to accept it; hence this lawsuit. The case was submitted to the court sitting as a jury, and the trial resulted in a judgment for the plaintiff for the full amount sued for. From this judgment the defendants have appealed. No instructions were asked or given, and no exceptions saved to the admission or rejection of evidence. If there was substantial evidence in support of the judgment, the action of the trial court will have to be affirmed.

The iron was delivered in various lots during the month of August, 1889. The defendants claim that, before making the first purchase, they called up some one at the plaintiff's office by telephone, for the purpose of getting the price of iron for the month of August; that they stated to the person answering the call that they wanted prices for that month; that, in response to their request, a price less than that claimed by the plaintiff was given; and that afterwards they gave the various orders, believing that they were to have the iron at a reduced rate. The plaintiff introduced all of their officers and employes, who made or had authority to make prices, and these testified that no prices were ever made to the defendants for the month of August. The plaintiff's evidence also tended to prove that the iron was ordered and delivered at various dates during the month, commencing with the second day; that an itemized bill containing the amount, quality and price of the iron accompanied each delivery and was received by the defendants; that the price named in each bill was the regular market price for that day; and that no objection was made to the price charged, until the entire lot had been delivered and the account presented for payment.

Under this testimony we cannot hold that the judgment was unsupported by any evidence in the case. The judgment of the trial court will, therefore, be affirmed. All the judges concurring, it is so ordered.